UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES SCOTT LEONARD, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:17-cv-00288 |
| DIVERSIFIED CONSULTANTS, INC. | DEMAND FOR JURY TRIAL |
| Defendants. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, JAMES SCOTT LEONARD ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of DIVERSIFIED CONSULTANTS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA") for Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

### PARTIES

4. Plaintiff is a 58 year old natural person residing at 1034 Salem St., Michigan City, Indiana, which lies within the Northern District of Indiana.

5. Plaintiff suffers from a variety of medical issues including asthma, type 2 diabetes, and rods in his legs. Due to his health problems, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

6. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7. Defendant identifies itself as "a full service collection agency that can attribute its tremendous success to the training and long-term retention of telecom front line employees."[1] From its headquarters at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida, Defendant is in the business of collecting consumer debts for others, including a debt allegedly owed by Plaintiff.

8. Defendant is a Florida corporation that is registered with the Indiana Secretary of State under identification number 2002080800605 and regularly collects consumer debts in Indiana.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10. On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1994.[2]

**FACTS SUPPORTING CAUSES OF ACTION**

11. Plaintiff incurred an outstanding balance with AT&T of $196.56 ("subject consumer debt").

---

[1] http://www.dcicollect.com/about/dci-about.html
[2] http://www.acainternational.org/memberdirectory.aspx

12. Due to his health conditions and inability to work, Plaintiff has limited income and was unable to pay the subject consumer debt.

13. Upon information and belief, the subject consumer debt was turned over to Defendant for collections.

14. On or about April 10, 2017, Defendant called Plaintiff on his cell phone (810) 908-1658 in an attempt to collect on the subject consumer debt. *See* Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

15. Defendant's representative attempted to get Plaintiff to make a payment on the subject consumer debt using a credit card. *See* Exhibit A.

16. Plaintiff told Defendant's representative that he could not afford to make a payment on the subject consumer debt. *Id.*

17. Defendant's representative then said that they would take Plaintiff to court to resolve the issue if he would not pay. *Id.*

18. Feeling threatened and harassed by Defendant's collection activities, Plaintiff spoke with CLP regarding his rights.

19. Plaintiff has incurred costs and expenses consulting with his attorneys as a result of Defendant's conduct.

20. Plaintiff has suffered financial loss as a result of Defendant's conduct.

21. Plaintiff has been threatened and misled by Defendant's conduct, subjecting him to harm.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in communication with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken" 15 U.S.C. §§1692e, e(5)

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §1692f.

24. Defendant violated 15 U.S.C. §§1692e(5) and f in its April 10, 2017 call with Plaintiff. By stating that it would take Plaintiff to court in order to resolve the matter if he didn't pay, Defendant was threatening an action that could not legally be taken or, it was not intending to take.

25. As a sophisticated and experienced debt collector, Defendant knows that threats of legal action are extremely alarming and cause fear to unsophisticated consumers. Defendant intentionally attempted to coerce Plaintiff into settling the subject consumer debt by threatening a lawsuit, an action Defendant had no intention of taking.

26. As plead in paragraphs 18 and 21, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, JAMES SCOTT LEONARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 17, 2017          Respectfully Submitted,

         <u>s/ Daniel M. Spector</u>
Daniel M. Spector, Esq. #6301224
David S. Klain, Esq. #66305
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
Daniel.s@consumerlawpartners.com
davidklain@aol.com